IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES BLACKWELL,  *
      Plaintiff,
v.  * CIVIL ACTION NO. RDB-10-1723

WARDEN  *
      Defendant.
*****

## MEMORANDUM OPINION

On June 28, 2010, the Court received correspondence from Plaintiff James Blackwell which was construed as a complaint for injunctive relief. Plaintiff, an inmate incarcerated at the Maryland Correctional Institution-Hagerstown ("MCI-H"), states that he owes money to the prison gang known as the Black Gorilla Family ("BGF"). He states that details about himself and his debts, detailed in a previous lawsuit filed by him,[1] were made public in the newspaper. He claims that his life is now in danger from BGF members as he is being forced to take his recreation with other inmates who pose a danger to him. Plaintiff seeks injunctive relief requiring Defendant to place him on protective custody. ECF No. 1.

The Office of the Maryland Attorney General was ordered to file an immediate response to the Complaint to show cause why Plaintiff should not be housed on protective custody. ECF No. 2. Defendant's response was construed as a dispositive filing and Plaintiff was granted an opportunity to file an opposition. ECF Nos. 3, 4 & 5. Plaintiff has not responded. The matter is ripe for consideration. For reasons to follow, injunctive relief shall be denied and the case dismissed without hearing.

---

[1] *Blackwell v. Warden*, Civil Action No. RDB-09-2383d (D. Md. 2009).

Defendant indicates that MCI-H does not have cells to house inmates on Protective Custody status. Thus, any MCI-H inmate who requires PC is placed on Administrative Segregation pending transfer to another institution which has PC housing. ECF No. 3, Ex. A. Plaintiff was placed on administrative segregation at MCI-H on July 17, 2010, and is designated to be transferred to the Eastern Correctional Institution on PC Status. *Id.*

Administrative Segregation inmates at MCI-H are offered one hour of recreation Monday through Friday, and may be in the recreation area with up to six other Administrative Segregation inmates. *Id.* Ex B. Inmates such as Plaintiff, who indicate they are targeted by a gang are not given recreation with identified gang members. Moreover, they may decline to participate in recreation. *Id.*

The Complaint before this Court seeks injunctive relief. The party seeking preliminary injunctive relief must demonstrate: (1) by a "clear showing" that he is likely to success on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ---, 129 S.Ct. 365, 374-376 (2008); *see also The Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F. 3d 342 (4th Cir. 2009).

The failure to make a clear showing of irreparable harm is, by itself, a ground upon which to deny injunctive relief. *See Direx Israel, Ltd. v. Breakthrough Medical Corporation*, 952 F.2d 802, 812 (4th Cir. 1992.) The irreparable harm must be "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989); *see also Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983). Plaintiff has failed to show irreparable harm. Until Plaintiff is transferred to ECI he will not be placed into recreation with any known gang

2

members. Further, he is permitted to refuse recreation. Consequently, injunctive relief shall be denied and the Complaint shall be dismissed by separate order.

Date: *February 14, 2011*  /s/ *Richard D. Bennett*
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE